UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANE M. GATES | CIVIL ACTION |
| VERSUS | NO. 07-6983 |
| SHERIFF RODNEY JACK STRAIN, ET AL | SECTION "K"(2) |

### ORDER AND OPINION

Before the Court is a "Joint Motion for Rehearing Pursuant to F.R.C.P. 60 on Motion to Reopen 42 U.S.C. §1983 Action" filed on behalf of defendants Sheriff Rodney "Jack" Strain, in his official and individual capacity, Sheriff Deputy Nathan Miller, Sheriff Deputy Roger Gottardi, Sheriff Deputy Brian Williams, St. Paul Insurance Company, District Attorney Walter Reed, in his official capacity, St. Tammany Parish District Attorney's Office, and Charles M. Hughes, Jr. (Doc. 145). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS defendants' "Joint Motion for Rehearing Pursuant to F.R.C.P. 60 on Motion to Reopen 42 U.S.C. §1983 Action" (Doc. 145), vacates the order entered August 9, 2012 reopening this litigation (Doc. 143) and orders that the Court's April 16, 2008 order granting defendants' joint motion to stay proceedings remain in effect until such time as the Court grants a motion to reopen this matter.

### BACKGROUND

The background of this litigation is set forth in detail in the Order and Reasons filed July 11, 2011 (Doc. 121), and therefore will not be repeated herein after. The following additional facts are relevant to consideration of this motion:

- On July 27, 2012, a jury in the 22nd Judicial District for the

>    Parish of St. Tammany found Shane Gates "Not Guilty" of the crime of aggravated flight or any lesser included offense;
> • On August 4, 2012, Mr. Gates filed a "Motion to Reopen 42 U.S.C. §1983 Action as The Twelve Person St. Tammany Jury Has Found Gates Not Guilty of Aggravated Flight or Any Lesser Charge" and set that motion for submission on August 22, 2012 (Doc. 136).
> • The Court granted plaintiff's motion on August 8, 2012 (Doc. 143).
> • At the time the Court granted plaintiff's motion, defendants had not yet filed a response to the motion to reopen.
> • At the time of Mr. Gates's acquittal on the aggravated flight charge, there remained pending in the 22nd Judicial District Court, a misdemeanor bill of information charging Mr. Gates with one count of operationing a vehicle while intoxicated (La. Rev. Stat. 14:98) and two counts of resisting an officer (La. Rev. Stat. 14:108). Those charges remain pending and await the setting of a new trial date. The charges were previously scheduled for trial on August 31, 2012, but for reasons not apparent from the record the state district judge continued the trial.

## ANALYSIS

Defendants rely upon Rule 60(b) of the Federal Rules of Civil Procedure in seeking relief from the order reopening this case. However Rule 60 provides relief from final orders and judgments only. Nonetheless, it is well established that the district court has "the inherent procedural power to reconsider, rescind or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981); see also *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 356 (5th Cir. 1989).

Courts look to the standard applicable to Rule 60(b) motions for guidance in reconsidering interlocutory orders. *See Teal v. Eagle Fleet, Inc.*, 932 F.2d 341 (5th Cir. 1991); *The Tokio Marine and Fire Insurance Co., Ltd. v. M/V Flora*, 1999 WL 461966 (E.D. La. July 2, 1999). Rule 60(b) provides for relief from an order for, among other reasons, "mistake." At the time the Court

granted the motion to reopen this matter, it was unaware that misdemeanor criminal charges remained pending against Mr. Gates.  Neither the motion to reopen nor the plaintiff's memorandum in support of that motion indicated that criminal charges remained pending against Mr. Gates.  Had the Court known that the misdemeanor criminal charges against Mr. Gates were still pending, it would have denied the motion to reopen.  Therefore, the Court grants defendants' joint motion for rehearing with respect to its order reopening this matter..

Turning to plaintiff's motion to reopen, the Court notes that  in its Order and Reasons denying plaintiff's "Motion to Re-Open 42 U.S.C. §1983 Action and Stay Unconstitutional Prosecution in the 22nd Judicial District Court for the Parish of St. Tammany" (Doc. 121), the Court opined that if Mr. Gates's injuries  "were the direct result of his having resisted the arrest" then " the jurisprudence of *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny might act as a complete bar to plaintiff's §1983 claim . . .."

Plaintiff asserts that having been acquitted of the aggravated flight charge, "the district Attorney cannot now bring these old charges offering the same evidence again."  Doc. 163, p. 1.  Plaintiff's contention lacks merit.  The jury acquitted Mr. Gates after concluding that the evidence presented by the prosecution failed to satisfy the prosecution's burden of proving the elements of aggravated flight and its lesser included offenses beyond a reasonable doubt.  No jury has yet evaluated the prosecution's evidence to determine whether it establishes beyond a reasonable doubt the elements of the offense of resisting an officer.  Because the elements of aggravated flight and resisting an officer are not identical, plaintiff's acquittal does not negate the possibility of a conviction for resisting an officer and a finding that Mr. Gate's injuries "were the direct result of his having resisted the arrest," a finding that might preclude §1983 liability under *Heck* and its progeny.

Because a conviction on the resisting arrest charges could bar plaintiff's §1983 claim, the Court vacates its prior order reopening this matter (Doc. 143), denies plaintiff's motion to reopen the matter, and orders that the stay previously imposed in this matter remain in effect. Upon dismissal of the pending criminal charges for resisting an officer or Mr. Gates's acquittal on the charges, plaintiff may file a motion to reopen this matter.

New Orleans, Louisiana, this 10th day of October, 2012.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE