UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANE M. GATES,**<br>                    **Plaintiff,**<br><br>*versus*<br><br>**SHERIFF RODNEY JACK STRAIN,**<br>*et al.,*<br>                    **Defendants.** | **CIVIL ACTIONS**<br>**NOS. 07-6983 and 13-6425**<br><br><br>**JUDGE STANDWOOD R. DUVALL, JR.**<br><br>**MAGISTRATE JUDGE**<br>**JOSEPH C. WILKINSON, JR.** |

**PLAINTIFF'S MOTION FOR INJUNCTION AND TO LIFT STAY**

    **NOW COMES** the Plaintiff herein, **Shane M. Gates**, through his undersigned counsel, who respectfully moves this Honorable Court to (a) enjoin the Defendants herein from continuing to attempt to prosecute Shane M. Gates on the DWI and resisting arrest charges allegedly still pending in the 22nd Judicial District Court, St. Tammany Parish, Louisiana, in State v. Gates, Case Nos. 423508 and 423509, and (b) to lift the stay currently imposed on this instant § 1983 civil rights suit.

1.

    The referenced cases have long expired under both Louisiana statutory law, La. Code Crim. Proc. Art. 578, and under the federal jurisprudence construing U. S. Constitution, Amendment VI with respect to Mr. Gates' right to a speedy trial.

2.

    The resisting arrest one of referenced cases was instigated in bad faith and for an improper purpose, viz. to obtain an unlawful and unethical advantage in defending Mr. Gates' instant civil action.

**3.**

The evidence the State must introduce to attempt to prove both those pending charges (alcoholic intoxication and resisting arrest) was previously introduced in the State's felony prosecution of Mr. Gates, a prosecution that resulted in a general jury verdict of acquittal. Therefore, under the "evidentiary fact" branch of the constitutional double jeopardy principle, the State is therefore barred by U.S. Constitution, Amendment V from reintroducing that same evidence in any subsequent proceeding in which the State bears the burden of proof "beyond a reasonable doubt".

**4.**

The evidence the State must introduce to attempt to prove the pending DWI charge would deny Mr. Gates his Sixth Amendment right to confront his accusers, inasmuch as during the State's long (10 year) delay in bringing that charge to trial, the only potential witness with actual personal knowledge regarding the blood alcohol test that was allegedly performed has died and his testimony was never preserved in any form.

**5.**

The State's charges against Mr. Gates are fatally infected with incurable conflicts of interest that present both actual improprieties and the appearance of improprieties, which, in turn, violate Mr. Gates' Fifth Amendment rights to due process.

**6.**

For the above reasons, the Defendants' continued pursuit of the referenced charges threatens Mr. Gates with irreparable harm.

**7.**

The Louisiana trial and appellate courts have refused to enforce Mr. Gates' U.S. Constitutional rights as set forth above and those refusals now form "the law of the case" in those state proceedings, for which reason he has exhausted his state remedies and is now entitled to the same forms of *habeas corpus* relief as is a criminal defendant whose criminal conviction has been affirmed and who is, therefore, entitled to seek collateral post-conviction relief in the federal trial courts.

**8.**

Mr. Gates reiterates and incorporates by reference into this Motion (a) the Memorandum in Support hereof that he is filing contemporaneously herewith and (b) all of the exhibits, physically attached and by reference incorporated into that Memorandum in Support.

**WHEREFORE,** Shane Gates respectfully requests this Honorable Court to grant this Motion, to Lift Stay and for Injunction, enjoining and restraining the civil Defendants herein from proceeding with the stale misdemeanor charges against Mr. Gates of DWI and resisting arrest that those Defendants contend are still pending in the 22nd Judicial District Court, St. Tammany Parish, Louisiana, and lifting the stay presently imposed herein on Mr. Gates' pending § 1983 action against those Defendants, on the grounds that the continued delay of and interference with his § 1983 action is unjust and improper and that those Defendants' attempts to maintain those long-time barred misdemeanor charges cause him irreparable harm by violating his Fifth Amendment rights against double jeopardy and to due process and his Sixth Amendment rights to a speedy trial and to the opportunity to confront his accusers.

                           */s/ J. A. Hollister*
                           **JOHN A. HOLLISTER (La. Bar #6963)**
                           613 Bon Temps Roulé

Mandeville, Louisiana 70471
(985) 792-5353
jahollister@yahoo.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading was filed electronically with the Clerk of the United States District Court for the Eastern District of Louisiana on January 23, 2017, and pursuant to the instructions of that Clerk is being re-filed on January 24, 2017, using that Court's CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the Court's established policies and procedures.

                                     */s/ J. A. Hollister*
                                     **JOHN A. HOLLISTER**