UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANE M. GATES

VERSUS

RODNEY JACK STRAIN, ET AL.

CIVIL ACTION

NO: 07-6983
c/w 13-6425
SECTION: "J"(2)

**ORDER & REASONS**

Before the Court are two motions. First is Plaintiff, Shane Gate's ("Plaintiff") *Motion for Injunction and to Lift Stay* **(Rec. Doc. 240)** and an opposition (Rec. Doc. 242) thereto filed by Defendants.[1] Second is Defendants' *Motion to Lift Stay and Dismiss* **(Rec. Doc. 243)**, an opposition (Rec. Doc. 249) thereto filed by Plaintiff, and a reply (Rec. Doc. 254) filed by Defendants. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Plaintiff's *Motion for Injunction and to Lift Stay* **(Rec. Doc. 240)** should be **DENIED**. Further, the Court finds that Defendants' *Motion to Lift Stay and*

[1] Defendants include: Rodney J. "Jack" Strain, Jr., in both his individual capacity and official capacity as former Sheriff of St. Tammany Parish, Deputy Nathan Miller, Deputy Roger Gottardi, Captain Kathy Sherwood, Deputy Brian Williams, Walter P. Reed, in both his individual and official capacity as former District Attorney for the 22nd Judicial District Court, Assistant District Attorney Ronald Gracianette, Assistant District Attorney Nicholas F. Noriea, Jr., Kathryn Landry, former Louisiana Attorney General James D. Caldwell, Officer of the Louisiana Attorney General, Judge Richard Schwartz of the 22nd Judicial District Court, Marie-Elise Prieto, in her individual and official capacity as former Clerk of Court for the Parish of St. Tammany, and Charles M. Hughes, Jr., collectively referred to as "Defendants."

*Dismiss* **(Rec. Doc. 243)** should be **GRANTED**, and Plaintiff's lawsuit should be **DISMISSED WITH PREJUDICE**.

**FACTS AND PROCEDURAL BACKGROUND**

On November 16, 2006, Plaintiff was arrested for (1) obstruction of a highway, (2) driving while intoxicated, (3) having an open alcohol container in his vehicle, (4) reckless operation, and (5) resisting arrest. (R. Doc. 121 at 1.) The facts surrounding Plaintiff's arrest are disputed between the parties, which forms the basis of this § 1983 lawsuit brought by Plaintiff. In short, Plaintiff contends that he was beaten by St. Tammany Parish deputies during his arrest. The facts preceding this supposed beating are alleged by Plaintiff as follows: Plaintiff had just left a car dealership in Slidell, Louisiana and was traveling on Interstate Highway 12 to Covington, Louisiana. Plaintiff noticed a police car behind him and he pulled to the side of the road. Plaintiff claims to have gotten out of his vehicle where he was then thrown on the hood of the police car. Plaintiff contends that because the hood of the police car was hot, he attempted to free himself from the hood of the car, which caused the arresting deputy to use his pepper spray on Plaintiff. Plaintiff alleges that he was then handcuffed, forced against the hood of the police car once again, and then thrown onto the pavement and beaten until he became unconscious.

Plaintiff contends that he then awoke in the emergency room with extensive lacerations and injuries to his eye, face, neck, and mouth. At some point during his time at the hospital, a blood alcohol test was conducted, which resulted in a reading of approximately .280—over three times the legal limit in Louisiana. Similarly, Plaintiff contests the circumstances surrounding the blood alcohol test. Plaintiff apparently alleges that the nurse who conducted the test used an alcohol swab on the area where Plaintiff’s blood was drawn prior to drawing his blood which caused the elevated results. As a result of these incidents, Plaintiff filed a § 1983 lawsuit against Defendants in this Court.

Plaintiff maintains that over the next several months the deputies fabricated a story to cover up these events. Plaintiff alleges, *inter alia*, that Charles Hughes, the attorney for the sheriff’s office and the deputies involved, threatened and persuaded the District Attorney, on the eve of trial, to file new charges of resisting arrest in an attempt to defeat Plaintiff’s § 1983 lawsuit. Plaintiff contends that he was then offered only $10,000 for a release of his claims.

Plaintiff’s § 1983 lawsuit was stayed in April of 2008, pending resolution of the criminal charges against him in the Twenty-Second Judicial District Court for the Parish of St. Tammany, Louisiana. In August of 2012, Plaintiff advised the Court that he was found not guilty of the crime of aggravated flight in

the state court proceedings, and the stay of Plaintiff § 1983 case was lifted. However, when the Court discovered that Plaintiff still had at least two misdemeanor charges pending, including resisting an officer, the Court reinstituted the stay until the remaining charges were resolved.

In November of 2013, a state court judge issued an attachment for Plaintiff’s arrest for failing to appear to be served for his misdemeanor trial. To date, Plaintiff has not presented to the state court to receive service and stand trial for the pending misdemeanor charges. On October 20, 2016, Defendants filed a motion requesting that the stay in Plaintiff’s § 1983 case be lifted for the limited purpose of allowing Mr. Gates to appear for service for his misdemeanor trial, and if he failed to appear, that this lawsuit be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. On December 14, 2016, Judge Stanwood Duval Jr. held oral argument on the motion. While Judge Duval denied the motion at oral argument, he stated that Plaintiff’s § 1983 lawsuit would be dismissed pursuant to Rule 41(b) if Plaintiff did not file a motion concerning the alleged inapplicability of the Anti-Injunction Act, 28 U.S.C. § 2283, and *Younger v. Harris*, 401 U.S. 37 (1971), in light of Plaintiff’s speedy trial and double jeopardy arguments. On January 23, 2017, Plaintiff filed the present *Motion for Injunction and to Lift Stay*. Plaintiff’s lawsuit

was then transferred to this Court in light of Judge Duval's retirement.

In short, Plaintiff argues that trial of the pending resisting an officer and driving while intoxicated misdemeanors would violate the "evidentiary fact branch" of double jeopardy. (Rec. Doc. 240-1, at 16.) Further, Plaintiff argues that the time period within which to commence a misdemeanor trial has long passed, and that prosecution on these charges violates his right to a speedy trial. Thus, Plaintiff asks this Court to enjoin the state court from proceeding with the misdemeanor charges against him, and to lift the stay on his pending § 1983 lawsuit. In response, Defendants argue that Plaintiff is not entitled to an injunction, and that his § 1983 lawsuit should be dismissed for failure to prosecute. On March 16, 2017, the Court held oral argument on the parties' motions. In open court, the Court ruled that Plaintiff's *Motion for Injunction and to Lift Stay* **(Rec. Doc. 240)** was **DENIED** and that that Defendants' *Motion to Lift Stay and Dismiss* **(Rec. Doc. 243)** was **GRANTED**. In addition to the reasons stated at oral argument, the Court issues these written reasons.

## PARTIES' ARGUMENTS

### 1. Plaintiff's Arguments

Plaintiff raises two main arguments in support of his motion. First, Plaintiff argues that this Court is not barred by the Anti-Injunction Act from enjoining the state court from pursuing the

pending misdemeanor charges. Specifically, he argues that if he is subject to such prosecution it would violate the Fifth Amendment's guarantee against double jeopardy, which is an exception to the Anti-Injunction Act and the *Younger* abstention doctrine. Plaintiff contends that because he was found not guilty in state court for the aggravated flight charge, and in that trial the state presented evidence of his alleged intoxication, that the "evidentiary fact branch" of double jeopardy prevents the state from now pursuing the driving while intoxicated misdemeanor. Second, Plaintiff argues that under the Louisiana Code of Criminal Procedure "no trial shall be commenced . . . [i]n misdemeanor cases after one year from the date of institution of the prosecution." La. Code Crim. Proc. 578. Therefore, because Plaintiff was arrested on November 16, 2006, and the state court felony trial concluded on July 27, 2012, more than five years passed since Plaintiff's arrest. Accordingly, Plaintiff argues that prosecution of the misdemeanor charges is time barred, and if he is subject to prosecution on the pending misdemeanors it would violate his right to a speedy trial. For these reasons, Plaintiff asks this Court to prevent the Louisiana state court from trying him on the pending misdemeanor charges.

**2. Defendants' Arguments**

Defendants argue that due to Plaintiff's inaction, Plaintiff's § 1983 lawsuit should be dismissed, with prejudice,

for failure to prosecute under Federal Rule of Civil Procedure 41(b). Defendants contend that this case has not progressed solely because of plaintiff's deliberate delay. In response to Plaintiff's request for an injunction, Defendants contend that this Court is not permitted to enjoin the state court misdemeanor proceedings pursuant to the Anti-Injunction Act and the *Younger* abstention doctrine. Defendants further argue that double jeopardy is inapplicable to Plaintiff's pending misdemeanor charges, the cases cited by Plaintiff in his request for an injunction provide no support for his request, and that Plaintiff may assert his speedy trial defense at trial on the misdemeanor charges.

## **DISCUSSION**

The main issue this Court must decide is whether it has the authority to enjoin Plaintiff's state court misdemeanor prosecution. It is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Savoy v. Gusman*, No. 15-4906, 2016 WL 1411310, at *3 (E.D. La. Mar. 1, 2016) (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)). In situations such as this, where a petitioner seeks to enjoin state court prosecution through the federal system, the Federal Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining state criminal proceedings except where expressly authorized by Congress or where necessary in aid of this Court's

jurisdiction. *Id.* (citing *Younger*, 401 U.S. at 41, 53-54; *Walck v. Edmondson*, 472 F.3d 1227 (10th Cir. 2007); *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999)). Thus, pursuant to *Younger*, a federal court must abstain from interfering with state court criminal proceedings when (1) the federal proceeding would interfere with an "ongoing state judicial proceeding", (2) the state has an important interest in regulating the subject matter of the claim, and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). If these prerequisites are satisfied, then a federal court can assert jurisdiction only if "certain narrowly delimited exceptions to the abstention doctrine apply." *Id.* (citing *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004)). Exceptions to *Younger* abstention include:

> (1) if the state court proceeding was brought in bad faith or with purpose of harassing the federal plaintiff;
>
> (2) if the state statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it; or
>
> (3) application of the doctrine is waived.

*Id.* at 716 n.3.

The ongoing state proceeding here is Plaintiff's criminal prosecution in the Twenty-Second Judicial District Court for the Parish of St. Tammany, Louisiana. Specifically, Plaintiff has at least two misdemeanor charges pending—operating a vehicle while intoxicated and resisting an officer.[2] Plaintiff asks this Court to enjoin and restrain Defendants from proceeding with these pending misdemeanor charges which would directly interfere with an "ongoing state judicial proceeding." *See Bice*, 677 F.3d at 717.

The next issue is whether the state court can provide an adequate remedy for the violation of federal rights. *Id.* at 718. "All that is required in order for *Younger* . . . to apply is an opportunity to fairly pursue the constitutional claims *in the ongoing state proceeding, the failure to avail oneself of such opportunity does not mean that the state proceedings are inadequate*." *DeSpain v. Johnston*, 731 F.2d 1171, 1180 (5th Cir. 1984) (emphasis added) (internal quotations and alterations omitted). In late 2013, or early 2014, Plaintiff filed a motion to quash the pending misdemeanor charges on the grounds of double jeopardy and denial of due process in the Twenty-Second Judicial District Court, the Louisiana Court of Appeal for the First Circuit, and the Louisiana Supreme Court, all of which denied

[2] At oral argument, Plaintiff's counsel argued that there are only two pending misdemeanor charges—one count of driving while intoxicated and the other for resisting an officer. Defendants contend that there are three pending misdemeanors—one count of driving while intoxicated and two counts of resisting an officer.

Plaintiff's request. (Rec. Doc. 240-1, at 10.) However, Plaintiff has never asserted his speedy trial or double jeopardy defenses in the *ongoing state proceeding*. *See id.* In fact, Plaintiff has refused to even receive service for the pending charges, and his misdemeanor trial date has not been set. Thus, the appropriate venue to raise the current arguments are in the state court in Plaintiff's misdemeanor trial. Accordingly, Plaintiff has an available process for pretrial review of his constitutional challenges, and may preserve these challenges for appeal after trial, should he be convicted. *See Savoy*, 2016 WL 1411310, at *3. Finally, the criminal proceedings against Plaintiff involve a matter of state criminal law and state interests. *Id.* Thus, each of the factors favor abstention in this case. Plaintiff must demonstrate that one of the narrow exceptions to *Younger* applies in order for the Court to consider interfering with the state court criminal proceedings.

Plaintiff argues that two exceptions to *Younger* apply in this case. First, Plaintiff argues that if he is subjected to the pending misdemeanor charges in state court it would violate his double jeopardy rights. Second, Plaintiff argues that if he was subject to the pending misdemeanor charges it would violate his right to a speedy trial. Plaintiff raised his first argument almost five years ago in this Court. *See* (Rec. Doc. 196.) Specifically, Plaintiff argued that having been acquitted of the aggravated

flight charge, "the district Attorney cannot now bring these old charges offering the same evidence again." (Rec. Doc. 163, at 1.) As this Court held then, "Plaintiff's contention lacks merit." (Rec. Doc. 196, at 3.) This Court explained:

> The jury acquitted Mr. Gates after concluding that the evidence presented by the prosecution failed to satisfy the prosecution's burden of proving the elements of aggravated flight and its lesser included offenses beyond a reasonable doubt. No jury has yet evaluated the prosecution's evidence to determine whether it establishes beyond a reasonable doubt the elements of resisting an officer. Because the elements of the aggravated flight and resisting an officer are not identical, plaintiff's acquittal does not negate the possibility of a conviction for resisting an officer. . . .

*Id.* Accordingly, Plaintiff's argument that he would be subject to double jeopardy if this Court does not enjoin the state court proceeding on the misdemeanor resisting an officer charge is unconvincing and is not an exception to the *Younger* abstention doctrine.

However, for the first time, Plaintiff argues that if he is subject to trial on the misdemeanor charges it would violate the "evidentiary fact branch" of double jeopardy.[3] (Rec. Doc. 240-1, at 16.) Plaintiff argues that while the State did not need to present evidence of Plaintiff's alleged intoxication and resisting arrest in order to demonstrate the essential elements of aggravated flight, it nevertheless chose to do so as a tactical advantage.

[3] *See Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1999) (noting that a violation of double jeopardy clause is an exception to *Younger* abstention).

Plaintiff argues that the State now seeks to use this same evidence to prove the essential elements of the driving while intoxicated and resisting arrest misdemeanors. Once again, however, Plaintiff's contention lacks merit. In essence, Plaintiff argues that because he was acquitted of aggravated flight, the jury necessarily determined an ultimate issue of fact that he was not intoxicated and did not resist arrest.

"The Supreme Court has established that issue preclusion, also called collateral estoppel, is 'embodied in the Fifth Amendment guarantee against double jeopardy.'" *United States v. Sarabia*, 661 F.3d 225, 229 (5th Cir. 2011) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). The Fifth Circuit has applied issue preclusion to criminal proceedings in two ways: 1) to "bar a subsequent prosecution if one of the facts necessarily determined in the former trial is an essential element of the subsequent prosecution"; and (2) if the fact is not an essential element of the subsequent prosecution, to "bar the introduction or argumentation of facts necessarily decided in the prior proceeding." *Id.* (quoting *United States v. Brackett*, 113 F.3d 1396, 1398 (5th Cir. 1997)). Plaintiff bears the burden of proving that the issue he seeks to foreclose was necessarily decided in the first trial. *Id.* at 229-30. To determine what the jury in the first trial necessarily decided, the Court must examine "the record of [the] prior proceeding, taking into account the pleadings,

evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.” *Id.* at 230 (quoting *Yeager v. United States*, 557 U.S. 110 (2009)).

A review of the trial transcript in Plaintiff’s state court trial reveals that evidence of Plaintiff’s alleged intoxication was presented to the jury. However, driving while intoxicated and resisting arrest are not among the essential elements of the felony crime of aggravated flight. *Compare* La. Rev. Stat. § 14:108.1 *with* La. Rev. Stat. § 14:98 *and* La. Rev. Stat. § 40:1390. Further, Plaintiff admits that “the issues of alcoholic intoxication and resisting arrest are not among the essential elements of the felony crime of unlawful flight.” (Rec. Doc. 240-1 at 9.) Moreover, Plaintiff has not satisfied his burden of proving that the jury necessarily decided that Plaintiff was not driving while intoxicated and did not resist an officer. The jury was only asked to determine whether Plaintiff was guilty of aggravated flight. Consequently, double jeopardy does not bar subsequent prosecution of Plaintiff’s misdemeanor charges and is not an exception to the *Younger* abstention doctrine.[4]

[4] To the extent that Plaintiff seeks to re-litigate his “bad-faith prosecution” arguments the Court refuses to consider such arguments. This litigation spans a decade, and this Court has on at least two other occasions determined that Plaintiff is not entitled to injunctive relief for alleged bad-faith prosecution as to the misdemeanor claims. *See Gates v. Strain*, No. 07-6983, 2011 WL 2690607

Plaintiff's second argument, that prosecution of the misdemeanors would violate his right to a speedy trial, also lacks merit. In essence, Plaintiff seeks federal habeas relief.[5] *See* (Rec. Doc. 240-1, at 10-11.) However, Petitioner is clearly not "in custody" as defined by 28 U.S.C. § 2254 or 28 U.S.C. § 2241.[6] Although individuals may be "in custody" despite not being physically confined, "in custody" means that the petitioner be in custody under the conviction or sentence under attack at the time the habeas petition is filed. *Robertson v. Brown*, No. 113-023, 2013 WL 5723934, at *2 (S.D. Ga. Oct. 21, 2013) (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). Plaintiff has not yet been tried, let alone convicted, on the pending misdemeanor charges.

Nevertheless, Plaintiff's argument lacks merit for additional reasons. Plaintiff asks this Court to enjoin the state court from prosecuting him on the misdemeanor offenses; he does not request

(E.D. La. July 11, 2011); Rec. Doc. 196, at 3; Rec. Doc. 200, at 4. As previously noted by this Court, "any 'new' evidence of 'bad-faith,' 'manufacturing,' and 'altering' can be presented in [Plaintiff's] defense and will speak directly to a jury's decision as to guilt or innocence on the charges brought." (Rec. Doc. 200, at 5.)

[5] At least twice in his motion Plaintiff requests habeas-type relief. Plaintiff specifically argues that "he is, again, standing before this Court in the same essential situation as would a defendant who has been convicted in the state courts, had that conviction affirmed, and is now seeking collateral post-conviction vindication of his violated constitutional rights."

[6] It also appears that Plaintiff failed to exhaust his state court remedies prior to filing for such "habeas" relief, as there has not been a trial on the merits of the underlying misdemeanor charges, and Plaintiff has not raised his speedy trial defense. Thus, assuming Plaintiff was convicted of the misdemeanor offenses, he has yet to appeal the conviction to Louisiana's highest court, which means that his claims are unexhausted and barred from habeas review.

that the state bring him to trial on the misdemeanor offenses. As noted by the Fifth Circuit in *Brown v. Estelle*, there is a distinction between petitioners who seek to dismiss an indictment or prevent prosecution and those who wish to force the state to go to trial. 530 F.2d 1280 (5th Cir. 1976). Dismissing an indictment or preventing prosecution is normally not attainable by way of pretrial habeas corpus. *Id.* at 1283. Even assuming this case was in the proper procedural posture for federal habeas relief, which it is not, when a federal habeas petitioner asserts a speedy trial defense, the petitioner is not permitted to derail "a pending state proceeding by [attempting] to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 584, 493 (1973). Rather, "the claimed violation may be remedied by [a] decision on the merits so that the right is not irreparably lost if review is postponed until final judgment is rendered on the merits." *Savoy*, 2016 WL 1411310, at *4 (quoting *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981)). Accordingly, the requested relief is unwarranted, and Plaintiff's speedy trial argument is not an exception to *Younger* abstention in this case.

The Court must now determine whether it should dismiss Plaintiff's § 1983 lawsuit with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in

its discretion, dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. *Diaz v. Guynes*, No. 13-4958, 2017 WL 86135, at *2 (E.D. La. Jan. 10, 2017) (citing cases). In determining whether dismissal with prejudice is warranted for failure to prosecute, courts consider whether one or more of three "aggravating factors" are present: (1) delay attributable directly to the plaintiff, rather than his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct. *Callip v. Harris Cnty. Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985). However, the Fifth Circuit cautions that dismissal with prejudice is reserved for "the most egregious circumstances." *Id.* (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)).

Defendants argue that all of the above-outlined factors are satisfied in this case. Specifically, Defendants assert that since 2013, Plaintiff has "purposefully evaded the state court system, even after an attachment for his arrest was issued" and after this Court ruled that Plaintiff had no grounds to enjoin the state court proceedings. In response, Plaintiff argues that Defendants "have, at every turn, obstructed and delayed [Plaintiff's] prosecution. . . ." In essence, Plaintiff argues that he has not resolved the underlying criminal proceedings because they are unlawful and unconstitutional.

Dismissal with prejudice is appropriate in this case. As the Court stated at oral argument, all three "aggravating factors" are present here. Plaintiff is the sole cause of the delay attributable to this matter by failing and refusing to respond to a state court issued warrant for his arrest, and failing to appear for those state court charges and present any defenses he may have. Plaintiff's own attorney admitted to the Court in oral argument that he does not know if Plaintiff still resides in the United States, that he does not have an address for Plaintiff's residence, and does not know Plaintiff's telephone number. Thus, it is apparent that the delay in this case has been caused solely by Plaintiff's actions or lack thereof. Second, Defendants have suffered obvious and actual prejudice as a result of Plaintiff's delay. Defendants have had to spend extensive time and money over the last ten years in defending and responding to this litigation. Finally, the delay was caused by Plaintiff's intentional conduct, there is no other way to explain Plaintiff's actions. This is clearly an example of the most egregious of circumstances. Accordingly, dismissal with prejudice is appropriate.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's *Motion for Injunction and to Lift Stay* **(Rec. Doc. 240)** is **DENIED**. Further, the Court finds that Defendants' *Motion to Lift Stay and Dismiss* **(Rec. Doc. 243)** is **GRANTED**, and Plaintiff's lawsuit is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 24th day of March, 2017.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE