UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANE M. GATES                                CIVIL ACTION

VERSUS                                        No. 07-6983
                                              c/w 13-6425

SHERIFF RODNEY JACK STRAIN,                   SECTION: "J"(2)
ET AL.

**ORDER**

Before the Court is a *Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b)* **(R. Doc. 258)** filed by Plaintiff Shane Gates. Mr. Gates urges the Court to reconsider its Order and Reasons (R. Doc. 255) denying Plaintiff's *Motion for Injunction and to Lift Stay* (R. Doc. 240) and granting *Defendants' Motion to Lift Stay and Dismiss* (R. Doc. 243). Defendants oppose Plaintiff's motion. (R. Doc. 267).

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e) or 60(b). *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 483 (5th Cir. 2004). The difference between a Rule 60(b) and 59(e) motion is based on timing. If the motion is filed within twenty-eight days of the final judgment, then it falls under Rule 59(e). *In re FEMA*

*Formaldehyde Prods. Liab. Litig.*, No. 07-1873, 2012 WL 458821, at *2 (E.D. La. Feb. 13, 2012). However, if the motion is filed more than twenty-eight days after the final judgment it is governed by Rule 60(b). *See id.*

Plaintiff's motion for reconsideration was filed on April 24, 2017. Plaintiff seeks reconsideration of this Court's March 24, 2017 Order and Reasons. Accordingly, Plaintiff's motion was filed more than twenty-eight days from the Court's Order and Reasons and will be analyzed pursuant to Rule 60(b).

To prevail on a motion under Rule 60(b), the movant must clearly establish one of six factors: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharge; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). However, motions to reconsider or amend a final judgment are "extraordinary remedies" and are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." Templet, 367 F.3d at 478-79. Also, such motions should not be used

to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." See <u>Voisin v. Tetra Techs., Inc.</u>, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010).

Plaintiff asserts his motion under Rule 60(b)(1), (3), and (6). Nevertheless, the motion merely rehashes arguments previously raised ad nauseam. After reviewing the record, the parties' memoranda, and the applicable law, the Court finds that Plaintiff has not demonstrated that the Court made a material mistake of fact or law, that judgment was unfairly obtained by Defendants' fraudulent acts, or that extraordinary circumstances are present that would warrant relief. The dismissal of Plaintiff's lawsuit was a direct result of him purposefully evading the state court system for years. This Court has permitted Plaintiff to fully and fairly present his arguments over the last nine years. His dissatisfaction with the result is not grounds for granting the relief requested.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Reconsideration* **(R. Doc. 255)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Leave to File Reply* **(R. Doc. 269)** is **DENIED AS MOOT**.

New Orleans, Louisiana this 1st day of June, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE